UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON and CLAUDIA
COLLITON,

                        Plaintiffs,                           25-CV-6670 (LLS)

            -against-                                    ORDER OF DISMISSAL
                                                        WITH LEAVE TO REPLEAD
BLERIM GJIKOLLI,

                        Defendant.

LOUIS L. STANTON, United States District Judge:

        Plaintiffs, who are proceeding *pro se*, bring this action under the Fair Housing Act

("FHA"), alleging discrimination by their landlord, Defendant Blerim Gjikolli. Plaintiffs also

assert a supplemental state law claim under the New York State Human Rights Law. N.Y. Exec

Law § 290. By order dated February 9, 2026, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court

dismisses the complaint, with 30 days' leave to replead.

### STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible–not merely possible–that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiffs are a married couple who have resided in a condo at 18K White Gate, Wappingers, New York, for many years. (ECF 1 at 4.) Defendant became the owner of the condo when Plaintiffs had already been living there for years. (*Id.*) Plaintiffs both have an unspecified disability, and Plaintiff Claudia Colliton is Black. (*Id.*)

Plaintiffs allege that, upon acquiring the condo, Defendant went to the condo to meet them. (*Id.* at 5.) Defendant immediately asked Plaintiffs to move out of the condo so that he could move in. (*Id.*) However, Plaintiffs state that "it was clear [Defendant] was lying" as the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

condo only has one bedroom and Defendant has a wife and four children. (*Id.* at 5–6.) Defendant relented on this request when Plaintiffs "responded that they could litigate any attempt to evict them." (*Id.* at 6.) Defendant subsequently asked Plaintiffs to sign a lease, which was signed by Defendant on May 19, 2024, and signed by Plaintiffs on June 18, 2024. (*Id.*) The initial lease term was one year from June 1, 2024, until June 1, 2025. (*Id.* at 7.) Section 41 of the lease required Plaintiffs to give Defendant 90 days' notice if they were not going to renew, which Plaintiffs did not act on. (*Id.*) Defendant never gave Plaintiffs any indication of his desire to terminate the lease nor are there terms in the lease addressing termination by Defendant. (*Id.*)

On June 15, 2025, Defendant called Plaintiff James Colliton and told him Plaintiffs were "not the kind of people he wanted living in the condo." (*Id.* at 8.) (internal quotations omitted). Plaintiffs concluded that Defendant was referring to their race and disability status. (*Id.*) Defendant then served Plaintiffs a 30-day notice to vacate the condo on June 26, 2025; the notice did not include any specific cause. (*Id.* at 9.) Plaintiffs assert that they have not violated the lease and they have always made timely rent payments. (*Id.*)

Plaintiffs claim that Defendant discriminated against them on the basis of their race and disability status. (*Id.* at 10.) Plaintiffs also state that Defendant told them he was a part of "a powerful foreign based organization," and Plaintiffs claim "such statement could only be interpreted as a threat, implying that [Defendant] has ways to enforce his will." (*Id.* at 11.) Plaintiffs allege that, as result of Defendant's "discriminatory and abusive conduct and threats," they have suffered "embarrassment, fear, humiliation, substantial emotional distress and anxiety." (*Id.* at 12.) Plaintiffs seek monetary and injunctive relief. (*Id.* at 13.)

3

**DISCUSSION**

A.    **Fair Housing Act Claim**

The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Among other things, it prohibits the "refus[al] to sell or rent after the making of a bona fide offer, . . . [and the] refus[al] to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, . . . national origin," or disability.[2] 42 U.S.C. § 3604(a), (f)(1). It also prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability. § 3604(b), (f)(2).

Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that he is "'a member of a protected class,' suffered relevant 'adverse' treatment, and '. . . [he must sustain] a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original, footnote omitted)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove that [his] protected status was a but-for cause of the adverse action [he] suffered, but only a motivating factor." *Id.* at 46 (citing, *inter alia*, *Vega*, 801 F.3d at 86); *see,*

---

[2] "To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

4

*e.g.*, *Sykes v. NYC Hous. Auth.*, No. 22-CV-2127 (MKV), 2022 WL 875902, at *2 (S.D.N.Y. Mar. 24, 2022).

Plaintiffs do not describe their disabilities so the Court cannot determine whether they have protected status under the FHA. Even if the Court assumes that Plaintiffs have a disability under the FHA, their allegations do not suggest that their disabilities were a motivating factor in any of the alleged adverse actions taken by Defendant. As to Plaintiffs' claim of racial discrimination, Plaintiffs merely state that Plaintiff Claudia Colliton is Black, but none of the facts stated in the complaint suggest Defendant discriminated against either Plaintiff on the basis of race. While Defendant stated Plaintiffs were "not the kind of people he wanted living in the condo," Plaintiffs do not allege facts that suggest this comment was based on their race or disability status. (ECF 1 at 8.); *see Favourite v. 55 Halley St. Inc.,* 381 F.Supp.3d 266, 280–81 (S.D.N.Y. 2019) (finding a "hostile comment" about "types of people" a tenant was bringing into the building and asking how they could afford to live there was not enough to indicate discrimination without further evidence). The Court therefore dismisses Plaintiffs' FHA claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    State Law Claim**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the FHA claim of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the

5

discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiffs proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to allege additional facts to state a valid housing discrimination claim, the Court grants Plaintiffs 30 days' leave to amend their complaint to detail their claims.

If Plaintiffs do not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

6

SO ORDERED.

Dated:    February 17, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

7